FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2009 DEC -4 P 3: 13

|  |  |
|---|---|
| SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS, | ) ) ) ) Civil Action No. 2:09cv596 |
| Plaintiff, | ) RBS/TEM ) |
| v. | ) JURY TRIAL DEMANDED ) |
| GLOBAL MARKETING CORPORATION, HAMILTON BEACH BRANDS, INC., AND VICT. TH. ENGWALL & CO., INC. d/b/a GEVALIA KAFFE, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam"), by and through its undersigned counsel, for its complaint against Global Marketing Corporation ("Global Marketing"), Hamilton Beach Brands, Inc. ("Hamilton Beach"), and Vict. Th. Engwall & Co., Inc. d/b/a Gevalia Kaffe ("Gevalia Kaffe") (collectively, "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.  This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.  Defendants regularly conduct business in Virginia and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the

Eastern District of Virginia and elsewhere in Virginia. This Court therefore has personal jurisdiction over Defendants.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and 1400(b) because Defendants regularly conduct business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## THE PARTIES

4. Plaintiff Sunbeam is a Delaware corporation having a principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

5. On information and belief, Defendant Global Marketing is a corporation organized and existing under the laws of the state of New Jersey, with its offices and principal place of business at 156 Halsey Road, Parsippany, New Jersey 07054.

6. On information and belief, Defendant Hamilton Beach is a corporation organized and existing under the laws of the state of Delaware, with its offices and principal place of business at 4421 Waterfront Drive, Glen Allen, Virginia 23060-3375.

7. On information and belief, Defendant Gevalia Kaffe is a corporation organized and existing under the laws of the state of Delaware, with its offices and principal place of business at Holmparken Square, Dover, Delaware 19905.

## THE PATENT-IN-SUIT

8. On December 23, 1997, the United States Patent and Trademark Office issued U.S. Patent No. 5,699,719, entitled "Thermal Carafe Brewing Device with Brew-Through Lid" (hereinafter "the '719 patent"). A true and correct copy of the '719 patent is attached hereto as Exhibit A.

9. Sunbeam is the owner of all right, title and interests in and to the '719 patent and has the sole and exclusive right to enforce the patent, including the right to recover damages for past infringement.

10. Sunbeam has complied with its obligations under 35 U.S.C. § 287.

## CLAIMS FOR RELIEF

11. Sunbeam realleges and incorporates by reference the allegations stated in paragraphs 1-10 of this Complaint.

## INFRINGEMENT BY GLOBAL MARKETING

12. On information and belief, Global Marketing supplies products that fall within the scope of one or more of claims of the '719 patent to Gevalia, Hamilton Beach and other entities, and therefore Global Marketing has infringed and continues to infringe the '719 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '719 patent.

13. Global Marketing is on actual notice of its infringement of the '719 patent and its infringement of that patent has been and is willful.

14. Global Marketing's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

15. Global Marketing's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY HAMILTON BEACH

16.     Hamilton Beach has infringed and continues to infringe the '719 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '719 patent.

17.     Hamilton Beach's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

18.     Hamilton Beach's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## INFRINGEMENT BY GEVALIA KAFFE

19.     Gevalia Kaffe has infringed and continues to infringe the '719 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims of the '719 patent.

20.     Gevalia Kaffe is on actual notice of its infringement of the '719 patent and its infringement of that patent has been and is willful.

21.     Gevalia Kaffe's acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

22.     Gevalia Kaffe's acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

## **PRAYER OF RELIEF**

WHEREFORE, Sunbeam respectfully prays for a judgment as follows:

a) A finding that Global Marketing has infringed the '719 patent and that such infringement was willful;

b) An award of damages adequate to compensate Sunbeam for Global Marketing's willful infringement, together with prejudgment interest from the date infringement began;

c) An award of enhanced damages against Global Marketing pursuant to 35 U.S.C § 284;

d) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Global Marketing and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '719 patent;

e) A finding that this case is exceptional against Global Marketing and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

f) Such other and further relief against Global Marketing as this Court or a jury may deem proper;

g) A finding that Hamilton Beach has infringed the '719 patent;

h) An award of damages adequate to compensate Sunbeam for Hamilton Beach's infringement, together with prejudgment interest from the date infringement began;

i) An award of enhanced damages against Hamilton Beach pursuant to 35 U.S.C § 284;

j) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Hamilton Beach and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries,

parents, and all others acting in concert or privity with any of them from such infringement of the '719 patent;

k) A finding that this case is exceptional against Hamilton Beach and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

l) Such other and further relief against Hamilton Beach as this Court or a jury may deem proper;

m) A finding that Gevalia Kaffe has infringed the '719 patent and that such infringement was willful;

n) An award of damages adequate to compensate Sunbeam for Gevalia Kaffe's willful infringement, together with prejudgment interest from the date infringement began;

o) An award of enhanced damages against Gevalia Kaffe pursuant to 35 U.S.C § 284;

p) A permanent injunction, pursuant to 35 U.S.C § 283, enjoining Gevalia Kaffe and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '719 patent;

q) A finding that this case is exceptional against Gevalia Kaffe and an award to Sunbeam of its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

r) Such other and further relief against Gevalia Kaffe as this Court or a jury may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all issues so triable herein.

Dated: December 4, 2009

Respectfully Submitted,

By: *Paul A. Gennari*
Paul A. Gennari (VSB No. 46890)
Gretchen P. Miller*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-6413
Fax: (202) 429-3902
pgennari@steptoe.com
gmiller@steptoe.com

Thomas G. Pasternak*
Steptoe & Johnson LLP
115 South La Salle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1265
Facsimile: (312) 577-1370
tpasternak@steptoe.com

* moving for *pro hac vice* admission

*Attorneys for Plaintiff Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions*